UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINELL LOWE,
    Petitioner,

v.                                               Case No. 6:17-cv-98-Orl-31DCI

UNITED STATES OF AMERICA,
    Respondent.

**UNITED STATES' RESPONSE TO LOWE'S
PROPOSAL FOR FINAL ADJUDICATION**

This Court ordered the United States to respond to Petitioner Linell Lowe's Proposal for Final Adjudication. Civ. Docs. 21, 24, 25.[1] Pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019), the United States concedes that Lowe is entitled to relief from his conviction for brandishing a firearm during and in relation to a conspiracy to commit a Hobbs Act Robbery. *See* Doc. 32 at 2–3. The United States requests that this Court set this matter for a resentencing.

**MEMORANDUM OF LAW**

**I.    PROCEDURAL BACKGROUND**

On December 11, 2013, a federal grand jury in the Middle District of Florida returned a two-count indictment charging Lowe and two other defendants with (1) conspiracy to commit a Hobbs Act robbery, in violation of

---

[1] Filings in criminal case number 6:13-cr-306-Orl-31DCI are cited as "Doc. [document number]." Filings in the present civil proceeding are cited as "Civ. Doc. [document number]."

18 U.S.C. § 1951; and (2) brandishing a firearm during and in relation to the conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Doc. 32. Lowe proceeded to trial and was found guilty of both counts. Doc. 121. This Court sentenced him to 184 months' imprisonment, which consisted of 100 months as to count one followed by 84 months as to count two. Doc. 166 at 2.

On May 15, 2017, Lowe filed an amended motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255. Civ. Doc. 4-1. Lowe argued in part that the residual clause under 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, meaning that his conviction under § 924(c) based on a conspiracy charge could not stand. *Id.* at 4. The United States responded in opposition to that motion, Civ. Doc. 10, and Lowe filed a reply, Civ. Doc. 17. This Court then held Lowe's motion in abeyance pending an Eleventh Circuit decision about the constitutionality of the residual clause. The Court has now reopened this matter, Civ. Doc. 25, and the United States agrees Lowe's § 2255 motion is ripe for adjudication.[2]

II.   **LEGAL AUTHORITY**

*Davis* held that 18 U.S.C. § 924(c)(3)(B)'s residual clause was

---

[2] In his § 2255 pleading, Lowe also asserted that his counsel was ineffective for failing to raise a challenge based on chain of custody issues and that the United States knowingly submitted false testimony from one of his codefendants. Civ. Doc. 4-1 at 5, 7, 8. Those claims are due to be denied for the reasons set out in the United States' response in opposition. *See* Civ. Doc. 10.

unconstitutionally vague because the clause "provides no reliable way to determine which offenses qualify as crimes of violence." 139 S. Ct. at 2324. *Davis* applies to this case because the jury found Lowe guilty of conspiracy to commit Hobbs Act robbery, which served as the supporting predicate offense for his § 924(c) conviction. *See* Doc. 166 at 1. And the United States concedes after *Davis* that conspiracy to commit Hobbs Act robbery qualifies as a "crime of violence" only under § 924(c)(3)(B)'s residual clause. *Cf. In re Pinder*, 824 F.3d 977, 979 n.1 (11th Cir. 2016) (stating, pre-*Davis*, that "law is unsettled" regarding whether section 924(c) conviction based on conspiracy to commit Hobbs Act robbery can survive *Johnson*). Thus, Lowe is entitled to relief from his conviction for 18 U.S.C. § 924(c).

The proper relief in this case is the vacatur of Lowe's conviction on count two and resentencing on count one. Count one carries a maximum sentence of 20 years' imprisonment. The 184-month term of imprisonment in this case was part of a sentencing package that took into account the mandatory consecutive term on the § 924(c) count, so this Court should now have the opportunity to resentence Lowe to the same term of imprisonment on the remaining count. *See Dean v. United States*, 137 S. Ct. 1170, 1178 (2017) (court may take consecutive § 924(c) sentence into account when selecting sentence for the predicate count). Further, the guidelines calculation for Lowe's Hobbs Act conspiracy count will

now be different due to the enhancement of his guidelines range for brandishing a firearm. *See* Doc. 141 (PSR) at ¶ 34.

The United States requests that this Court hold that Lowe is entitled to relief in light of *Davis* and grant his § 2255 motion to the extent that it challenges his conviction and sentence under § 924(c). The United States also requests that this Court set this matter for resentencing on count one, conspiracy to commit Hobbs Act robbery.

                                                Respectfully submitted,

                                                MARIA CHAPA LOPEZ
                                                United States Attorney

By:   */s/ Sara C. Sweeney*
        SARA C. SWEENEY
        Assistant United States Attorney
        USA No. 119
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone:  (407) 648-7500
        Facsimile:   (407) 648-7643
        E-mail:       Sara.Sweeney@usdoj.gov

**LINELL LOWE v. U.S.**               Case No 6:17-cv-98-Orl-31DCI

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2019, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant:

Linell Devon Lowe
Reg. No. 59855-018
FCI Coleman-Medium
P.O. Box 1032
Coleman, FL   33521

/s/ Sara C. Sweeney
SARA C. SWEENEY
Assistant United States Attorney
USA No. 119
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:      Sara.Sweeney@usdoj.gov